"condemned" to be written with chalk; to the obliteration of which neither scraping nor shaving is necessary, as it is for that of a brand-mark.

Upon a comprehensive view of the whole act, we are still of the opinion which we expressed at the trial, that, unless the word "condemned" be branded on the cask, no person can be liable to the penalty, under the tenth section, for lading on board of a vessel, for exportation, flour marked "condemned;" nor to the penalty under the fifteenth section, for altering the inspector's mark.

Judgment for the defendant; but THE COURT ordered it to be certified that there was probable cause for the prosecution.

## Case No. 2,905.

### In re CLOUGH.

[2 N. B. R. 151 (Quarto, 59); 2 Ben. 508; 16 [Pittsb. Leg. J. 25.] [1]

District Court, S. D. New York. Oct. 3, 1868.

PROOF OF DEBT IN BANKRUPTCY — UNLIQUIDATED DAMAGES.

A creditor not on the bankrupt's schedules files a deposition setting forth a claim for unliquidated damages on a breach of contract by the bankrupt, but makes no application for assessment of alleged damages. *Held,* such debt was not duly proved.

[In the matter of Oscar H. Clough, a bankrupt.

[On certificate of James F. Dwight, register in bankruptcy.]

I certify that in the course of the proceedings before me, the following question arose pertinent to the proceedings, and is referred to the judge under section 6 of the law, for his opinion.

On the return day of an order to show cause why the bankrupt should not be discharged, Patrick Murray appeared and filed the following proof of debt, viz:

"At New York, in the county of New York and state of New York, on the 11th day of September, A. D. 1868, before me, James F. Dwight, register, came Patrick Murray of Bergen, in the county of Hudson, and state of New Jersey, and made oath, and who, after being duly sworn and examined at the time and place aforesaid, upon his oath says that the said Oscar H. Clough, the person for whom a petition for adjudication in bankruptcy has been filed, at and before the filing of the said petition, and still is, justly and truly indebted to this deponent in the sum of fifty thousand dollars, being the amount of damage suffered by deponent by the violation, by the said bankrupt and others, of a certain agreement entered into by deponent, the said bankrupt, and Richard & Cyrus Butler, bearing date October 1, 1860, and also gains and profits

[1] [Reprinted from 2 N. B. R. 151 (Quarto, 59), by permission. 2 Ben. 508, only gives a condensed report of this case.]

made by the sale of plumbago thereunder, due and payable from the said Butler and Clough to deponent, the said claim of deponent being now in litigation and pending in an action in the supreme court of the state of New York, wherein he is plaintiff, and the said Butler and Clough defendants, for which said sum of fifty thousand dollars, or any part thereof, this deponent says that he has not, nor has any person by his order, or to this deponent's knowledge or belief, for his use, had or received any manner of satisfaction or security whatever.

"And this deponent further says that the said claim was not procured for the purpose of influencing the proceedings under the act of congress entitled 'An act to establish a uniform system of bankruptcy throughout the United States,' approved March 2, 1867 [14 Stat. 517]; that no bargain or agreement, express or implied, has been made or entered into by or on behalf of this deponent to sell, transfer, or dispose of said claim, or any part thereof, against said bankrupt, or to take or receive, directly or indirectly, any money, property, or consideration whatever, whereby the vote of this deponent for assignee, or any action on the part of this deponent, or any other person in the proceedings under said act, has been, is, or shall be in any way affected, influenced, or controlled.         P. Murray.

"Subscribed and sworn to this 11th day of September, 1868.

"James F. Dwight, Register."

The said Murray does not appear as a creditor on the bankrupt's schedules, and had not appeared before, although the case has been pending since the 21st day of September, 1867, and the bankrupt, through his attorneys, comes and denies the debt set forth by the creditor, and objects to the proof of debt being received, and claims that the same should be rejected as not "duly proved." And the objections filed by the bankrupt are hereto attached. There has been no application by the creditor to have his damages assessed.

By JAMES F. DWIGHT, Register:

I believe the objection of the bankrupt to be well taken, and do not think the proof of debt can stand as filed on this deposition. The creditor was notified by me, when the proof was filed, that, being for unliquidated damages, the amount should be fixed by assessment, he pronounced himself satisfied to let it remain thus. I do not understand that the court is called upon by the laws to order an assessment of damages, unless the creditor applies for the same.

Objection of bankrupt:

"Oscar H. Clough, the above-named bankrupt, hereby denies the existence of any debt against him, either individually or jointly with others, in favor of Patrick Murray, who has made what purports to be a proof of debt against him in these proceedings,

amounting to the sum of $50,000, and he hereby objects to the said proof of debt, and to the same being received by the court, the register, and the assignee, and alleges that said debt is not duly proved, and that the courts should 'reject' the same as not being 'duly proved' pursuant to section 22 of the bankrupt act. 1st. Because the alleged debt is for unliquidated damages as appears on the face of said proof of debt, and in such cases there must, under section 19 of the act, be an assessment of the damages by the court, before any debt arising therefrom can be proved, and no such assessment or application therefor has been had. 2d. If provable ex parte under section 22, as has been attempted, the proof of debt does not sufficiently set forth as required by said section 22, either the 'demand' or the 'consideration thereof.' Wherefore the said bankrupt objects to said debt and the proof thereof, and he denies such debt, and asks the register to certify the same to the court, that the court may, according to said section 22 (last clause), reject said claim as not duly proved, or grant said bankrupt such further relief as may be just. Cotterill Bros., Attorneys for Bankrupt."

BLATCHFORD, District Judge. I concur in the views of the register. The clerk will certify this decision to the register, James F. Dwight, Esq.

## Case No. 2,906.

CLOUGH v. GILBERT & B. MANUF'G CO.
et al.

[3 Ban. & A. 523;[1] 15 O. G. 1009; Merw. Pat. Inv. 225.]

Circuit Court, S. D. New York. Oct. 14, 1878.

PATENTS — "GAS BURNERS" — CONSTRUCTION — EQUIVALENTS—COMBINATION—INFRINGEMENT.

1. The first claim in the patent to Clough, June 14th, 1870, for improvement in gas burners, includes the combination of the perforated burner with surrounding tube, irrespective of any method of regulating the escape of gas from the perforations, and is found in the patent to J. F. Barker, July 26th, 1870, who is the prior inventor of the same.

2. The employment of a slit extending down to the base of the burner, instead of small perforations at the base: *Held*, to be an equivalent, the structure and mode of operation of the combination being the same.

3. A combination, such as was embraced in the second claim of Clough's patent, being found to be old in the art, the claim was limited in construction so as to include the particular devices shown, and when so limited, the defendant's device did not infringe.

[See note at end of case.]

[In equity. Bill by Theodore Clough against the Gilbert & Barker Manufacturing Company and others for alleged infringement of letters patent.

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

Fig 1

Fig 2

Fig 3

Fig 4

George H. Yeaman, for complainant.
William Stanley, for defendants.

BLATCHFORD, Circuit Judge. This suit is founded on letters patent No. 104,271, granted to the plaintiff, June 14th, 1870, for an improvement in gas-burners. The specification says:

"My invention relates more particularly to burners for burning illuminating gas made by saturating gas with vapors of gasoline, commonly called air-gas. It has been found that common bat-wing or fish-tail burners are not adapted to burning this gas as ordinarily made, owing to the variable density of the gas coming from the generating apparatus.

"The object of my improvement is to adapt the slitted or bat-wing burner to the burning of air-gas.

"Said improvements consist, first, in perforating the base of the burner-tube with small holes or passages for gas to escape at the base of the burner, and surrounding the burner with a tube open at the top, but closed at the bottom, and united to the burner below the perforations in the burner-tube. It is more convenient to screw the tube to the burner, but it may be attached in any suitable manner. Second, in regulating the escape of the gas from the perforations at the base of the burner by a sliding tubular valve